# NORMAN BRYN ET AL. *v.* ROGER A. BRYN
## (AC 27765)

Flynn, C. J., and Bishop and Berdon, Js.

Submitted on briefs December 3, 2007—officially released April 22, 2008

*Glenn Gazin* filed a brief for the appellants (plaintiffs).

*Opinion*

PER CURIAM. The plaintiffs, Norman Bryn and Jan Bryn, appeal from the judgment of the trial court denying their request for injunctive relief against the defendant, Roger A. Bryn. On appeal, the plaintiffs claim that the court improperly determined that they had an adequate remedy at law. We affirm the judgment of the trial court.

The plaintiffs are the defendant's brother and father. They initiated this action alleging that, since 1984, the defendant had subjected them to a "deliberate and malicious campaign of harassment, psychological and physical intimidation, physical assault, threat, harassment, invasion of privacy, and libel." The plaintiffs requested that the defendant be permanently enjoined from having any contact with them. Following an evidentiary hearing, the court determined that the evidence supported many of the plaintiffs' factual allegations. The court, nevertheless, declined to award injunctive relief on the

ground that the plaintiffs had failed to establish irreparable harm and the lack of an adequate remedy at law. This appeal followed.

"[T]he governing principles for our standard of review as it pertains to a trial court's discretion to grant or deny a request for an injunction [are]: A party seeking injunctive relief has the burden of alleging and proving irreparable harm and lack of an adequate remedy at law. . . . A prayer for injunctive relief is addressed to the sound discretion of the court and the court's ruling can be reviewed only for the purpose of determining whether the decision was based on an erroneous statement of law or an abuse of discretion. . . . Therefore, unless the trial court has abused its discretion, or failed to exercise its discretion . . . the trial court's decision must stand." (Internal quotation marks omitted.) *Kelo* v. *New London*, 268 Conn. 1, 89, 843 A.2d 500 (2004), aff'd, 545 U.S. 469, 125 S. Ct. 2655, 162 L. Ed. 2d 439 (2005).

The one issue raised by the plaintiffs on appeal is their claim that the court improperly determined that they had an adequate remedy at law. The court's denial of the injunction, however, was based on the plaintiffs' failure to prove (1) the lack of an adequate remedy at law *and* (2) irreparable harm. Even if we were to conclude that the plaintiffs proved that they did not have an adequate remedy at law, the plaintiffs, nevertheless, would not be entitled to an injunction because the court also concluded that they failed to prove the requisite element of irreparable harm. Because the plaintiffs have not claimed on appeal that the court improperly determined that they had not suffered irreparable harm, that finding by the court stands unchallenged. As a consequence, we cannot conclude that the court abused its discretion in denying the injunction.

The judgment is affirmed.